```
                                              FILED
                                         U.S. DISTRICT COURT
                                         DISTRICT OF COLORADO
```

IN THE UNITED STATES DISTRICT COURT   2015 AUG 28  AM 11: 38
FOR THE DISTRICT OF COLORADO

Civil Action No. _____           JEFFREY P. COLWELL
               (To be supplied by the court)                CLERK

                                                                 BY_____DEP. CLK

      Rev Brandon Baker_____, Plaintiff,

v.

      City of Loveland_____,

      Loveland Police Dept_____,

      Larimer DA Gordon McGlaughlin_____,

      Loveland Police Sargent Jeff Pyle_____,

      Loveland Police Lieutenant Rick Arnold_____,

      Loveland Police Officer Andres Salazar_____,

      _____,

      _____, Defendant(s).

(List each named defendant on a separate line.)

---

**COMPLAINT**

---

(Rev. 07/06)

## PARTIES

1. Plaintiff __Rev Brandon Baker__ is a citizen of __Colorado__
   who presently resides at the following address:
   __623 Lincoln Ave, 80648__

2. Defendant __City of Loveland__ is a citizen of __Corporation   Colorado__
   who live(s) at or is/are located at the following address:
   __500 East 3rd St, Ste 330, Loveland CO 80537__

3. Defendant __Loveland Police Dept__ is a Citizen of __Corporation   Colorado__
   who live(s) at or is/are located at the following address:
   __500 East 3rd St, Ste 330, Loveland CO 80537__

   (Attach a separate page, if necessary, to list additional parties.)

## JURISDICTION

4. Jurisdiction is asserted pursuant to following statutory authorities:
   Federal court has jurisdiction over the federal subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367, and venue is properly set in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §1391 for federal claims

5. Briefly state the background of your case:

   This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983, 1985 and 1988. While the individual Defendants were acting in the scope of their employment and under color of state law, they made an unlawful stop of Plaintiffs that resulted in unreasonable/illegal: seizure, search and continued detention; that resulted in false arrest, malicious prosecution and many other harms, damages and violations against the Plaintiff. The Defendants' actions caused injury to the Plaintiffs and the destruction of his business, its character, his character, livelihood, personal and real property, as well as mental anguish, traumatic stress, loss of job and wages, humiliation and a million dollars in other harms and damages for the 1.5 years of harassment, discrimination, persecutions and all other illegal and unreasonable actions. Action is also brought against the Police Dept of Loveland for its failure to properly train and supervise the individual Defendants in the proper Cannabis DUI stop/investigation and techniques used to secure the search and seizure of a vehicle and warrantless arrests, proper dispatch policy, and its establishment of policies, procedures, practices, and customs regarding arrests and seizure of innocent citizens and their properties. SOL NOTICE OF CLAIM TIMELY FILED Pursuant to CRS 24-10-101 et seq. The Defendants absconded and kept key information and evidence form Plaintiff STILL TO THIS DATE! Plaintiff sued state to prevent these harms in the end of 2012 through mid 2013. Defendants (the harming officers from Loveland police department, as were state of Colorado, colo ag office notified and put on notice of this suit before arresting defendant [see officers' remarks regarding lawsuit on booking video]) Therefore, defendants had last clear chance to prevent all these harms.

(Rev. 07/06)

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

(Please number your paragraphs and attach any necessary additional pages.)

Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983

1. Plaintiff re-alleges and incorporate herein by reference the allegations set forth in above in this Complaint.

2. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right to be read with Miranda rights during custodial interrogation ; c) the right not to be deprived of liberty without due process of law; d) the right not to be deprived of property without due process of law; e) the right to be free from excessive use of force by persons acting under color of state law; f) the right to be free from false arrest; and g) the right to just compensation for taking of property.

3. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, warrantless illegal stop, arrest, search, and seizure of Plaintiffs. The illegal and warrantless stop and arrest set into motion the chain of events that led to an unauthorized and warrantless illegal search and seizure and the use of excessive force by Defendants, in violation of Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

4. As a direct and proximate result of the violation of his constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

5. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

Conspiracy to Violate Civil Rights Pursuant to Title 42 U.S.C. §1985

6. Plaintiff re-alleges and incorporate herein by reference the allegations set forth in paragraphs 1-5 of this Complaint.

7. In committing the acts complained of herein, Defendants CONSPIRED TOGETHER, under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right to be read with Miranda rights during custodial interrogation ; c) the right not to be deprived of liberty without due process of law; d) the right not to be deprived of property without due process of law; e) the right to be free from excessive use of force by persons acting under color of state law; f) the right to be free from false arrest; and g) the right to just compensation for taking of property.

8. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants CONSPIRED WHILE acting under color of state law and conducted an unauthorized, warrantless illegal stop, arrest, search, and seizure of Plaintiff. The illegal and warrantless stop and arrest set into motion the CONSPIRACY leading to the chain of events that led to an unauthorized and warrantless illegal search and seizure and the use of excessive force by Defendants, in violation of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

9. As a direct and proximate result of the CONSPIRACY and violation of his constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1985.

10. The CONSPIRING conduct of Defendants was willful, malicious, oppressive and/ or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

PULLMAN & YOUNGER ABSTENTION/STAY of FEDERAL PROCEEDINGS

11.     Plaintiff seeks to stop a cynical procedural gambit as he was forced to file lawsuits in state and federal courts per GIA complaint statutes. The factual allegations are identical. The defendants are identical. Although the state lawsuit alleges violations of state law while the federal lawsuit alleges violations of federal law, the actions are virtually carbon copies of one another.

12.     "The Colorado Constitution provides more protection for our citizens than do similarly or identically worded provisions of the United States Constitution". See People v. Oates, 698 P.2d 811, 818-19 (Colo. 1985) (4th Amend); People v. Sporleder, 666P.2d 135, 144 (Colo. 1983) (4th Amend); Charnes v. DiGiacomo, 200 Colo. 94, 100, 612 P.2d 1117, 1121 (1980) (4th Amend); In Colorado v. Connelly, 107 S. Ct. 515 (1986);See Also Ohio v. Reiner, 532 U.S. 17 (2001).

13.     This Court should exercise its discretion to stay the Federal court action pending resolution of the state case as the state constitution affords more protection than the US counter part AS WELL AS the fact that the State has special and more intense experience on the issue as it relates to the states LEGAL medical, Religious and Recreational marijuana use in State Borders under State Constitutional Protections.

14.     Pullman abstention, 312 U.S. 496 (1941). Concisely, the doctrine holds that "the federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass on them." This doctrine permits a federal court to stay a plaintiff's claim that a state law violates the United States Constitution until the state's judiciary has had an opportunity to apply the law to the plaintiff's particular case.

For Pullman abstention to be invoked, three conditions must be apparent:

a.      The case presents both state grounds and federal constitutional grounds for relief;
b.      The proper resolution of the state ground for the decision is unclear; and
c.      The disposition of the state ground could obviate the need for adjudication of the federal constitutional ground.

15.     Younger abstention, 401 U.S. 37 (1971), BARRS federal courts from hearing civil rights tort claims brought by a person who is currently being prosecuted for a matter arising from that claim in state court (Plaintiff's Initial stop, following to close Criminal Charge, is CURRENTLY still being appealed for violating the Physical Facts Doctrine as well as Being Unconstitutionally Vague in Colo State District court). For example, if an individual who was charged with drug possession under a state law believes that the search was illegal, and in violation of their Fourth Amendment rights, that person may have a cause of action to sue the state for illegally searching him. However, a federal court will not hear the case until the person is convicted of the crime. The doctrine has been extended to state civil proceedings in aid of and closely related to state criminal statutes.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

1. Stay/Abstention of the Federal Proceedings Until State Court Jurisdiction is exhausted on the facts/issues as CO affords Higher Const. Protections than the US Const. AS a Pullman & Younger abstention per 312 U.S. 496 (1941); 401 U.S. 37 (1971).
2. That process issue to the Defendants and that they be required to answer in the time allowed by law so that judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein.
3. That Plaintiff be awarded those damages to which it may appear they are entitled by the proof submitted in this cause for their physical and mental pain and suffering, both past and future; loss of their personal properties; loss of business income; loss of residence and business rentals and medical and psychological expenses, both past and future.
4. That Plaintiff be awarded nominal, punitive and exemplary damages against the Defendants AND Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).
5. That the Plaintiff receive any other further and general relief to which it may appear they are entitled i.e. INJUNCTION REQUESTED in related case 13cv01334.
6. A jury for the trial of this matter.

Date: 8-28-15

_____
(Plaintiff's Original Signature)

623 Cicola Ave
(Street Address)

Nuun CO 80648
(City, State, ZIP)

307-221-2180
(Telephone Number)