IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01864-GPG

**BRANDON BAKER**,

     Plaintiff,

v.

**CITY OF LOVELAND**;
**LOVELAND POLICE DEPT.**;
**GORDON McGLAUGHLIN**; Larimer DA;
**JEFF PYLE**, Loveland Police Sargent;
**RICK ARNOLD**, Loveland Police Lieutenant; and
**ANDRES SALAZAR,** Loveland Police Officer,

     Defendants.
_____

**ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**
_____

     Plaintiff Brandon Baker resides in Nunn, Colorado.  On August 28, 2015, he filed a complaint (ECF No. 1) against six entities and individuals.  The Court now has granted leave to proceed pursuant to 28 U.S.C. § 1915 (ECF No. 4).

     Plaintiff is appearing *pro se*. The Court must construe the filings of a *pro se* litigant liberally.  See *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf."  *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  Additionally, *pro se* litigants must follow the same procedural rules that govern other litigants.  See *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

     The operative complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a

complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

The Court has reviewed the Complaint and finds that Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff lists a number of federal statutes as the jurisdiction for his claims.  Due to the vagueness of the claims, however, Plaintiff fails to assert any factual basis that falls within the purview of these statutes.  Plaintiff's

claims, therefore, are nonsensical and do not state the proper statutory authority for his claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Plaintiff is required to assert personal participation by properly named defendants in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

**Furthermore, to state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.** *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit, (the proper jurisdiction to address constitutional violation claims), against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  Therefore, Mr. Baker should name as Defendants only those persons he contends actually violated his federal rights while acting under color of state law.  He may not include claims in his amended complaint against a county, state or municipal entity unless he alleges he suffered an injury caused by a municipal policy or custom.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).

Moreover, prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of prosecutorial duties.  *See Ambler v. Pachtman*, 424 U.S. 409, 420-24 (1976);  The Tenth Circuit has found that state prosecutors' "decisions to prosecute, their investigatory or evidence–gathering actions, their evaluation of evidence,

4

their determination of whether probable cause exists, and their determination of what information to show the court" are activities intimately associated with the judicial process.  *See Nielander v. Bd. of County Comm'rs.*, 582 F.3d 1155, 1164 (10th Cir. 2009).

Finally, under C.R.S. § 13–80–102(1)(h), a two-year statute of limitations applies to "[a]ll actions against any public or governmental entity or any employee of a public or governmental entity, except as otherwise provided in ... section 13–80–103."  Under section 13–80–103(1)(c), a one-year statute of limitations applies to "[a]ll actions against sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority."  Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Third Amended Complaint.  It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED August 31, 2015, at Denver, Colorado.

BY THE COURT:

/s Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge