IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01864-LTB

BRANDON BAKER,

    Plaintiff,

v.

CITY OF LOVELAND,
LOVELAND POLICE DEPT.,
GORDON MCGLAUGHLIN, Larimer DA,
JEFF PYLE, Loveland Police Sargent,
RICK ARNOLD, Loveland Police Lieutenant, and
ANDRES SALAZAR, Loveland Police Officer,

    Defendants.

ORDER DENYING MOTION FOR RECONSIDERATION

On October 22, 2015, Plaintiff filed *pro se* a "Rule 60 Motion" (ECF No. 13) in which he asks the Court hold a hearing to reconsider and vacate the Court's Order of Dismissal (ECF No. 10) and the Judgment (ECF No. 11) filed in this action on October 7, 2015.  The Court must construe the motion liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. See Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). See *Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)). Plaintiffs motion was filed fifteen days after the final Judgment was entered dismissing this action on October 7, 2015. Therefore, the motion will be construed as a motion filed pursuant to Fed. R. Civ. P. 59(e).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to file a properly Amended Complaint within the time allowed, for failure to follow a court order, and for failure to prosecute. (*See* ECF No. 10). In an order dated August 31, 2015, Plaintiff was directed to file an amended complaint in compliance with Fed. R. Civ. P. 8 within thirty days. (*See* ECF No. 5). Plaintiff was warned that failure to comply with the August 31 Order would result in dismissal of this action without further notice. (*Id.*). Plaintiff never filed an amended pleading.

In the Rule 59(e) motion, Plaintiff argues that "[t]here was clerical mistakes oversights and omissions, this case was consolidated before the dismissal order and

the motion was not opposed see case 15-cv-01920-mjw." (*See* ECF No. 13 at 2). Plaintiff is correct that after the Court's August 31 Order Directing Plaintiff to File Amended Complaint, Defendants filed a "Motion for Consolidation of 15-CV-01865-GPG with 15-CV-01920-MJW" (ECF No. 6) on September 9, 2015.  In the Motion to Consolidate, Defendants asked the Court to consolidate the instant action with the pending action, 15-cv-01920-MJW, because both actions "make identical legal arguments regarding an alleged deprivation of Plaintiff's civil rights, allegedly resulting from the same traffic stop and subsequent arrest of Plaintiff for driving under the influence in March of 2014." (*Id.* at 2).  Plaintiff also is correct that he did not oppose consolidation of the cases as stated in Defendants' "Supplemental Notice on Motion for Consolidation of 15-CV-01864-GPG with 15-CV01920-MJW." (*See* ECF No. 8 at 1). Plaintiff, however, did not comply with the Court's August 31, 2015 Order, and therefore the instant action was dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) on October 7, 2015.  All pending motions were denied as moot.

Accordingly, Plaintiff fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice.  The fact that Defendants filed a motion to consolidate, which Plaintiff did not oppose, does not excuse Plaintiff's failure to comply with the Court's order directing him to file an amended pleading in this action. Moreover, *Baker v. City of Loveland, et al.,* Civil Action No. 15-cv-01920-MJW (D. Colo. Sept. 3, 2015) remains pending.  Therefore, upon consideration of Plaintiff's motion and the entire file, the Court finds that Plaintiff fails to demonstrate some reason why the Court should reconsider and vacate the order dismissing this action.  Accordingly, it is

ORDERED that Plaintiff's "Rule 60 Motion" filed on October 22, 2015, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e), and the Motion is denied.

DATED at Denver, Colorado, this  4th  day of   February  , 2016.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court